IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:17-CR-00077-WSD-JFK |
| DAVEON BRANTLEY and AMBER BRINSON, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Pending before the court is Defendant Daveon Brantley's motion [Doc. 36] to suppress the fruits of the search warrant executed on his cellular telephones in which he contends that the delay in obtaining the search warrant rendered the search unconstitutional and motion [Doc. 51] to suppress the cellular tower data obtained by the Government through an order obtained from an United States Magistrate Judge in which he contends that a search warrant was required to obtain that data. The Government opposes the motions to suppress. [Docs. 60 and 61].[1] Defendant Amber Brinson filed a motion [Doc. 34] to suppress identification testimony; however, that

---

[1] Defendant was allowed the opportunity to reply to the Government's responses to his motions but declined to do so.

motion has been withdrawn [Doc. 57]; and Defendant's motion [Doc. 33] to suppress statements has been deferred to the District Court Judge.

In a first superseding indictment, Defendants are charged with a violation of 18 U.S.C. § 1594(c), conspiracy to commit sex trafficking of a minor (Count One), a violation of 18 U.S.C. § 1591, sex trafficking of a minor (Count Two), a violation of 18 U.S.C. §§ 2251(a) and (e), production of child pornography (Count Three), and a violation of 18 U.S.C. §§ 2252(a)(2) and (b), distribution of child pornography (Count Four). [Doc. 39]. The alleged conduct occurred from on or about June 1, 2016, to on or about June 7, 2016. [Id.].

After consideration of the Defendant Brantley's motions to suppress and the Government's responses thereto, the court recommends denying the motions.

## I.   Motion to Suppress Evidence Seized from Cellular Telephones

In a one page motion to suppress, Defendant contends that when he was arrested on March 13, 2017, cellular telephones belonging to him were seized, apparently incident to his arrest. [Doc. 36]. Because the Government did not obtain a search warrant for the cellular telephones until March 29, 2017,[2] sixteen days after seizure,

---

[2] Defendant alleged that the warrant was not obtained until April 3, 2017; however, as the Government points out and is not disputed by Defendant, the first search warrant for the cellular telephones was obtained on March 29, 2017, and a

2

Defendant contends that the search was unconstitutional pursuant to the Eleventh Circuit Court of Appeals' decision in United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009). [Id.]. The only additional facts presented are that Defendants were originally indicted on February 22, 2017, [Doc. 1], that Defendant Brantley was arrested on March 13, 2017, on a federal arrest warrant, [Doc. 3], that Defendant was detained on the federal indictment temporarily from March 13, 2017, to March 17, 2017, when he was detained pending trial, [Docs. 13, 30], and that Defendant, through his attorney, did not seek return of the cellular telephones until April 3, 2017, [Doc. 60, Exh. B ("Request")].[3] The Government opposed Defendant's request for an evidentiary hearing and, accordingly, has not presented any additional evidence for consideration by the court.

The Defendant's reliance on Mitchell does not afford him the relief that he seeks in this case because, as argued by the Government, the facts in Mitchell are distinguishable from those presented in this case. Additionally, based on the

---

revised search warrant was signed on April 3, 2017, to correct a non-substantive typographical error. [Doc. 60 at 2 n.1 & Exhibit ("Exh") A ("Search Warrant")].

[3]The request was for the return of "personal non evidentiary belongings including a phone that should post date the actions in question in the criminal case." [Id.].

3

circumstances in this case, the Government's conduct in obtaining the search warrant was reasonable. In Mitchell, the Eleventh Circuit Court of Appeals held, based on the unique facts presented in that case, that a twenty-one day delay in obtaining a search warrant after the seizure of the defendant's computer was unreasonable rendering the search unconstitutional. 565 F.3d at 1353.

"The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" United States v. Runyan, 275 F.3d 449, 456-57 (5th Cir. 2001) (quoting U.S. Const. amend. IV). Absent carved out exceptions, the Fourth Amendment likewise imposes a warrant requirement for most searches and seizures. See United States v. Laist, 702 F.3d 608, 613 (11th Cir. 2012). One such exception, for a search incident to arrest, authorized the warrantless seizure of the cellular telephones at the time of Defendant's arrest. See United States v. Robinson, 94 S. Ct. 467 (1973); Chimel v. California, 89 S. Ct. 2034 (1969).[4] Accordingly, Defendant does not challenge the initial seizure of

---

[4]Although the Government could lawfully seize the cellular telephones incident to Defendant's arrest, a warrant was required to search the data on the telephones. In Riley v. California, 134 S. Ct. 2473 (2014), the Supreme Court held "that a warrant is generally required before a . . . search [of a cell phone], even when a cell phone is seized incident to arrest." Id. at 2493. The Court declined to extend the holding of Robinson, 94 S. Ct. 467, "to searches of data on cell phones . . . ." Riley, 134 S. Ct. at 2485.

4

his cellular telephones. [Doc. 36]. And Defendant does not challenge the probable cause for the search warrant subsequently obtained. [Id.]. However, even "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on unreasonable searches." Mitchell, 565 F.3d at 1350 (quoting United States v. Jacobsen, 104 S. Ct. 1652, 1662 (1984)) (internal quotation marks omitted); and see United States v. Vallimont, 378 Fed. Appx. 972, 975-76 (11th Cir. 2010) (same). Thus, an initially lawful seizure may become "unconstitutional if the police act with unreasonable delay in securing a warrant." Mitchell, 565 F.3d at 1350.

To determine whether a delay is unreasonable, the court considers "all the facts and circumstances" presented and does so "on a case-by-case basis." Id. (citation and internal quotation marks omitted). "[T]he reasonableness determination will reflect a careful balancing of governmental and private interests." Id. (citation and internal quotation marks omitted). The Eleventh Circuit Court of Appeals has "identified several factors highly relevant to this inquiry: first, the significance of the interference with the person's possessory interest, . . . second, the duration of the delay, . . . third, whether or not the person consented to the seizure, . . . and fourth, the government's

5

legitimate interest in holding the property as evidence . . . ." Laist, 702 F.3d at 613-14 (citations omitted).

First, the facts in Mitchell involved the seizure of a personal computer which, based on the wealth of information that can be stored and the likelihood that non-evidentiary information is stored on the computer, "constitute[d] a significant interference with Mitchell's possessory interest." 565 F.3d at 1351; and see Laist, 702 F.3d at 614 (noting that "computers are a unique possession, one in which individuals may have a particularly powerful possessory interest"). And, in Mitchell, the computer was seized prior to the institution of any criminal charges and was held by the Government while Mitchell remained at liberty. Mitchell, 565 F.3d at 1348, 1351. In this case, however, two cellular telephones, not a personal computer, were seized from Defendant Brantley incident to his arrest on federal charges involving sex trafficking of a minor. See United States v. Lowe, 2011 WL 1831593, at *3 (S.D. Tex. May 12, 2011) (noting that "[u]nlike the extensive information that can be stored on a personal computer, the information stored on a cell phone is far more limited"). And Defendant Brantley, having been arrested and detained, was not deprived of access to and use of the seized cellular telephones while in custody. See United States v. Shaw, 531 Fed. Appx. 946, 949 (11th Cir. 2013) (distinguishing Mitchell based on facts that Shaw,

6

unlike Mitchell, had been indicted for a drug offense and the cellular telephones had been seized incident to his arrest, and unlike Mitchell, "Shaw was in custody throughout the contested delay[, from June 8, 2011, to September 7, 2011,] and concedes he could not have physically possessed the phones"); United States v. Kowalczyk, 2012 WL 3201975, at *23 (D. Or. August 3, 2012) (finding delay reasonable because, "since [the defendant] was in custody, there was no evidence that withholding access to his computers and other digital evidence was prejudicial; he had no serious possessory interest at stake").

Additionally, regarding the interference with Defendant's possession of the cellular telephones, Defendant did not request return of any items seized from his person until April 3, 2017, after the search warrant was obtained. [Search Warrant; Request]. And Defendant's request, which only sought "personal non evidentiary belongings including a phone that should post date the actions in question in the criminal case[,]" arguably did not even include the cellular telephones subject to the search warrant. [Request]. The failure to make a request for return of the cellular telephones during the period of delay undermines Defendant's claim that his Fourth Amendment rights were impacted. See United States v. Stabile, 633 F.3d 219, 235-36 (3rd Cir. 2011) (noting that the defendant "did not ask for the return of his hard drives

7

until . . . *eighteen months* after the initial seizure") (citing United States v. Johns, 105 S. Ct. 881, 887 (1985) ("defendants who 'never sought return of the property' cannot argue that delay adversely affected Fourth Amendment rights")) (emphasis in original); United States v. Brown, 2013 WL 6858408, at *10 (W.D. Va. December 30, 2013) (noting that Stabile "found important . . . the defendant's failure to request the return of the property") (citing Johns, 105 S. Ct. at 887; Stabile, 633 F.3d at 236; United States v. Burgard, 675 F.3d 1029, 1033 (7th Cir. 2012) ("it can be revealing to see whether the person from whom the item was taken ever asserted a possessory claim to it")).

Accordingly, the court finds that the interference with Defendant Brantley's Fourth Amendment interests, in this case, were minimal. Second, the duration of the delay, sixteen days, was also relatively short.[5] Third, Defendant did not consent to the

---

[5]Because the Government did not seek to present evidence regarding the reasons for the delay in this case, the court is unable to fully balance the governmental versus private interests at stake. See Laist, 702 F.3d at 614 (noting that when balancing the interest at stake, the court "take[s] into account whether the police diligently pursue[d] their investigation") (citation and internal quotation marks omitted); Mitchell, 565 F.3d at 1351 (finding that, although the defendant's possessory interest was substantial, the government failed to offer a compelling justification for the delay). In this case, given the finding that interference with Defendant's privacy interests was minimal, the lack of justification for the delay - while a factor - does not require a finding that the search was unconstitutional.

8

seizure, but the seizure, as noted, was lawful.  And, the fourth factor weighs in the Government's favor, that is, its "legitimate interest in holding the property as evidence."  Laist, 702 F.3d at 614.  Defendant was indicted for violations of federal law involving sex trafficking of a minor - unlawful conduct that the Government had a significant interest in investigating and preventing.  See Lowe, 2011 WL 1831593, at *3 (finding that "the Government's interests in preventing further [criminal conduct] and obtaining evidence to prosecute the case outweigh the temporary interference with stored phone numbers that could have been obtained by other means, text messages that had already been read, and digital photos").

For these reasons, based on the totality of the circumstances gleaned from the record in this case, the court finds that the sixteen-day delay in obtaining the search warrant for Defendant's two cellular telephones was not unreasonable and that the search of the cellular telephones was constitutional.  The court **RECOMMENDS** that Defendant's motion [Doc. 36] to suppress be **DENIED**.

## II.   Motion to Suppress Cell Tower Data

In another one page motion to suppress, Defendant contends that the cellular tower data obtained for his cellular telephone for the time period May 30, 2016, to June 8, 2016, [Doc. 61, Exh. A ("Order")], should be suppressed because the

9

Government relied on a court order obtained pursuant to the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, specifically § 2703(d), and not a search warrant supported by probable cause. [Doc. 51]. Defendant does not contend that the Government failed to comply with § 2703 in obtaining the order or that the Magistrate Judge erred in issuing the order. [Id.]. The Government argues that the Eleventh Circuit Court of Appeals' decision in United States v. Davis, 785 F.3d 498 (11th Cir. 2015) (*en banc*), forecloses Defendant's argument and that the motion should be denied. [Doc. 61]. The Government is correct.

In Davis, the court sitting *en banc* was "called on to decide whether the court order authorized by the Stored Communications Act, [18 U.S.C.] § 2703(d), compelling the production of a third-party telephone company's business records containing historical cell tower location information, violated [the defendant's] Fourth Amendment rights and was thus unconstitutional." Id. at 499. The court held that "it did not and was not." Id. at 499, 518 ("the § 2703(d) order permitting government access to [the service provider's] records comports with applicable Fourth Amendment principles and is not constitutionally unreasonable"). Pursuant to the binding precedent in Davis, Defendant's motion should be denied. See United States v. Johnson, 645 Fed. Appx. 954, 962-63 (11th Cir. 2016) (finding that the defendants'

10

challenge to the admission of cell tower records as a violation the Fourth Amendment "because the government obtained these records without a warrant based on probable cause[,]" was "foreclosed by [the] recent decision in . . . Davis . . ."); United States v. Peragine, 2016 WL 4072746, at **1-2 (N.D. Ga. August 1, 2016) (adopting report and recommendation that the defendant's motion to suppress based on a challenge to the use of Stored Communications Act to obtain records, including historical cell tower data, from third-party service provider be denied) (citing Davis, 785 F.3d at 513).

And, as the Government argues, should either the Eleventh Circuit Court of Appeals or the Supreme Court subsequently determine that a warrant based on probable cause is required to obtain historical cellular tower data, the data acquired in this case from a third-party service provider pursuant to § 2703(d) should not be suppressed because the good faith exception to the exclusionary rule is applicable. [Doc. 61 at 5]. In Davis v. United States, 131 S. Ct. 2419 (2011), the Supreme Court held, "Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." Id. at 2429; and see United States v. Asghedom, 646 Fed. Appx. 830, 834 (11th Cir. 2016) (applying the good faith exception to the exclusionary rule to admit evidence obtained from a GPS tracking device affixed to a vehicle without a warrant "because law enforcement relied on then-

11

binding appellant precedent[,]" citing United States v. Michael, 645 F.2d 252 (5th Cir. 1981) (*en banc*), overruled after the search in question by United States v. Jones, 132 S. Ct. 945 (2012)); Davis, 785 F.3d at 518 n.20 (holding in the alternative that, even if a warrant establishing probable cause was required to obtain cellular tower data, the good faith exception applied and that the defendant's motion to suppress was properly denied by the district court).  The Eleventh Circuit Court of Appeals' decision in Davis constitutes binding precedent covering the period during which the Government obtained the cellular tower data in question, and, should that precedent be subsequently overruled, the good faith exception would be applicable and the evidence would still be properly admissible at trial.

For these reasons, the court **RECOMMENDS** that Defendant's motion [Doc. 51] to suppress be **DENIED**.

### III. Conclusion

Based on the foregoing cited authority and for the reasons stated, the court **RECOMMENDS** that Defendant's motions [Docs. 36 and 51] to suppress evidence be **DENIED**.

Defendant Brinson's motion [Doc. 33] to suppress statements has been referred to the District Court Judge.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO ORDERED AND RECOMMENDED** this 17th day of October, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE