# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

DAVEON BRANTLEY,

         Defendant.

1:17-cr-77-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Report and Recommendation [62] ("R&R") on Defendant Daveon Brantley's ("Brantley") Motion to Suppress Evidence [36] and Motion to Suppress Cell Tower Data [51]. In the Motion to Suppress Evidence, Brantley argues that a delay in securing a warrant to search cell phones seized during a search incident to arrest "rendered the search unconstitutional." ([36] at 1). In the Motion to Suppress Cell Tower Data, Brantley claims the data obtained under an order issued by a magistrate judge under the Stored Communications Act, rather than pursuant to a search warrant, was unconstitutional. The Magistrate Judge found the search of the cell phones pursuant to the warrant was not unreasonably delayed and she recommended the Motion to Suppress Evidence be denied. The Magistrate Judge found that the cell phone tower data was obtained relying on an order issued by a magistrate judge

under the Stored Communications Act, 18 U.S.C. § 2703(d) and the search of the phone did not require a search warranted issued upon a finding of probable cause and the reliance upon the order issued to secure the data was done in good faith. Brantley did not file objections to the R&R.[1]

## I.     INTRODUCTION

Brantley and his co-defendant Amber Brinson were charged with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c) (Count One), sex trafficking of a minor, in violation of 18 U.S.C. § 1591 (Count Two), production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count Three), and distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count Four).  ([39]).  Brantley was formally arrested on the charges on March 13, 2017.  In a search apparently incident to his arrest,[2] cell phones were seized from him.  Sixteen (16) days later, on March 29, 2017, the Government applied for a warrant to search the phones.  The warrant was issued on

---

[1]     Defendant declined to reply to the Government's response to his motions. At a discontinued change of plea hearing on November 27, 2017, which the Court ajourned because of an insufficient factual predicate for accepting the plea, counsel for Defendant stated that he did not believe any evidence obtained by the Government in this case was obtained illegally.  (Transcript of November 27, 2017, Change of Plea Hearing at 22).
[2]     There is no challenge to the search and the initial seizure of the phones.

March 29, 2017.³

The Government also obtained cell tower location data for Brantley's telephones for the period May 30, 2016, to June 8, 2016. The information was obtained pursuant to an order issued by a magistrate judge under the Stored Communications Act, 18 U.S.C. § 2703(d).

## II.  STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). With respect to those findings and recommendations

---

³ Brantley alleged that the warrant was not obtained until April 3, 2017. Brantley does not dispute that a search warrant for the cellular telephones was obtained on March 29, 2017, and that a revised search warrant was executed on April 3, 2017, to correct a typographical error. ([60] at 2 n.1 & Exhibit ("Exh") A ("Search Warrant")).

to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Brantley did not file objections to the R&R and it is reviewed for plain error.

## III. DISCUSSION

### A. Cell phone search

"The Fourth Amendment provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" United States v. Barron-Soto, 820 F.3d 409, 415 (11th Cir. 2016) (quoting U.S. Const. amend. IV). The Fourth Amendment generally requires that a warrant be issued upon probable cause before a search is conducted. See United States v. Laist, 702 F.3d 608, 613 (11th Cir. 2012). There are circumstances, however, that justify a search without a warrant, including searches incident to arrest. See United States v. Robinson, 414 U.S. 218 (1973); Chimel v. California, 395 U.S. 752 (1969). "[A] warrant is generally required before . . . a search [of a cell phone], even when a cell phone is seized incident to arrest." Riley v. California, 134 S. Ct. 2473, 2493 (2014).

"[A] seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on unreasonable

4

searches." United States v. Mitchell, 565 F.3d 1347, 1350 (11th Cir. 2009) (quoting United States v. Jacobsen, 466 U.S. 109, 124 (1984)) (internal quotation marks omitted); see also United States v. Vallimont, 378 F. App'x 972, 975-76 (11th Cir. 2010) (same). Thus, an initially lawful seizure may become "unconstitutional if the police act with unreasonable delay in securing a warrant." Mitchell, 565 F.3d at 1350.

Here, Brantley does not challenge the initial seizure of his phones, and he does not challenge the grounds upon which the warrant to search his phones was issued. Brantley argues the delay between the seizure of the phones and the issuance of the warrant was too long and thus the search pursuant to the warrant was unconstitutional. The Court disagrees.

In determining whether a delay is unreasonable, the court considers, "on a case-by-case basis," "all the facts and circumstances" presented. Id. at 1351. (citation and internal quotation marks omitted). The Eleventh Circuit has "identified several factors highly relevant to this inquiry: first, the significance of the interference with the person's possessory interest, . . . second, the duration of the delay, . . . third, whether or not the person consented to the seizure, . . . and fourth, the government's legitimate interest in holding the property as evidence." Laist, 702 F.3d at 613-14 (citations omitted). Applying these criteria here, the

5

Court concludes the delay was not unreasonable.

      1.    <u>Interference with possessory interest</u>

In this case, two cellular telephones were seized from Brantley incident to his arrest on federal charges involving sex trafficking of a minor. <u>See</u> <u>United States v. Lowe</u>, 2011 WL 1831593, at *3 (S.D. Tex. May 12, 2011). That it was phones that were seized is important. Here, what was seized were limited capacity cell phones.[4] Furthermore, Brantley, having been arrested and detained, was not deprived of access to and use of the seized cellular telephones, because he was in custody, and he does not contend he was allowed possession of a cell phone while detained. <u>See</u> <u>United States v. Shaw</u>, 531 F. App'x 946, 949 (11th Cir. 2013) ("Shaw was in custody throughout the contested delay [from June 8, 2011, to September 7, 2011,] and concedes he could not have physically possessed the phones"); <u>United States v. Kowalczyk</u>, 2012 WL 3201975, at *23 (D. Or. August 3, 2012) (finding delay reasonable because, "since [the defendant] was in custody, there was no evidence that withholding access to his computers and other digital evidence was prejudicial; he had no serious possessory interest at stake").

---

[4]     "Unlike the extensive information that can be stored on a personal computer, the information stored on a cell phone is far more limited." <u>Lowe</u>, 2011 WL 1831593, at *3.

Brantley here also did not, until April 3, 2017, request return of any items seized from him after the search warrant was obtained. (Search Warrant; Request). Even then, Brantley only sought return of "personal non-evidentiary [sic] belongings including a phone that should post date the actions in question in the criminal case[,]" which arguably did not include the cellular telephones subject to the search warrant. (Request). The failure to make a request for return of the cellular telephones during the period of delay undermines Defendant's claim that his Fourth Amendment rights were impacted. See United States v. Stabile, 633 F.3d 219, 235-36 (3d Cir. 2011) (noting that the defendant "did not ask for the return of his hard drives until . . . *eighteen months* after the initial seizure") (citing United States v. Johns, 469 U.S. 478, 487 (1985) ("defendants who 'never sought return of the property' cannot argue that delay adversely affected Fourth Amendment rights")) (emphasis in original); United States v. Brown, 2013 WL 6858408, at *10 (W.D. Va. Dec. 30, 2013) (noting that Stabile "found important . . . the defendant's failure to request the return of the property") (citing Johns, 469 U.S. at 487; Stabile, 633 F.3d at 236; United States v. Burgard, 675 F.3d 1029, 1033 (7th Cir. 2012) ("it can be revealing to see whether the person from whom the item was taken ever asserted a possessory claim to it")). The interference with Brantley's Fourth Amendment interests, in this case, was

minimal.

2. Delay duration

The sixteen-day duration of the delay was relatively short. The Government did not present evidence regarding the reasons for the delay and thus the Court is unable to fully balance the governmental versus private interests at stake. See Laist, 702 F.3d at 614 (noting that when balancing the interest at stake, the court "take[s] into account whether the police diligently pursue[d] their investigation") (citation and internal quotation marks omitted); Mitchell, 565 F.3d at 1351 (finding that, although the defendant's possessory interests was substantial, the government failed to offer a compelling justification for the delay). In this case, given the finding that interference with Brantley's privacy interests was minimal, including because it was short, Brantley was in custody and likely unable to use his phone even if he had it, and Brantley did not request the phones be returned, the lack of justification for the delay–while a factor–does not alone require a finding that the search was unconstitutional. This criteria plays a neutral role in the analysis.

3. Consent

Brantley did not consent to the seizure, but the seizure was lawful. This favors the Government.

### 4. Legitimate interest in holding the property

The fourth factor strongly weighs in the Government's favor, because it had a "legitimate interest in holding the property as evidence." Laist, 702 F.3d at 614. Brantley was indicted for violations of federal law involving sex trafficking of a minor – unlawful conduct that the Government had a significant interest in investigating and preventing. See Lowe, 2011 WL 1831593, at *3 (finding that "the Government's interests in preventing further [criminal conduct] and obtaining evidence to prosecute the case outweigh the temporary interference with stored phone numbers that could have been obtained by other means, text messages that had already been read, and digital photos"). Brantley and his co-defendant were alleged to have used electronic devices to conduct their sex trafficking activities. Depriving Brantley of his devices had a significant protective impact.

Weighing each of these criteria, the Court finds no plain error in the Magistrate Judge's finding that the totality of the circumstances evidenced in the record shows that the sixteen-day delay in obtaining the search warrant for Brantley's two cellular telephones was not unreasonable and that the search of the cellular telephones was constitutional.

Brantley's reliance on the Eleventh Circuit Court of Appeals's decision in Mitchell, 565 F.3d at 1347, to support that the delay was unreasonable, is

9

misplaced. The facts in <u>Mitchell</u> are different from those here. In <u>Mitchell</u>, the Eleventh Circuit Court of Appeals held, based on the unique facts presented in that case, that a twenty-one (21) day delay in obtaining a search warrant after the seizure of the defendant's computer was unreasonable, rendering the search unconstitutional. <u>Mitchell</u>, 565 F.3d at 1353. <u>Mitchell</u>, unlike the case here, involved a seized computer, not cell phones, the seizure was before charges were brought, and the computer was held and not made available to Mitchell even though he was not detained. <u>See</u> <u>United States v. Laist</u>, 702 F.3d 608, 614 (11th Cir. 2012) ("computers are a unique possession, one in which individuals may have a particularly powerful possessory interest"); <u>United States v. Lowe</u>, 2011 WL 1831593, at *3 (S.D. Tex. May 12, 2011) ("Unlike the extensive information that can be stored on a person computer, the information stored on a cell phone is far more limited."). The circumstances in <u>Mitchell</u> simply led to a different consideration of facts under circumstances different from those in this case.

 B. <u>Cell Tower Data</u>

In his one page motion, Brantley seeks to suppress cellular tower data obtained for his cellular telephone for the time period May 30, 2016, to June 8, 2016, ([61], Exh. A ("Order")). He argues the Government was constitutionally required to obtain a search warrant for the data upon a showing of probable cause.

10

It was not enough, he claims, for the Government to rely on a court order obtained pursuant to the Stored Communications Act, 18 U.S.C. § 2703(d). Brantley does not contend that the Government failed to comply with § 2703(d) in obtaining the order or that the Magistrate Judge erred in issuing the order. He seems instead to argue that the issuance of a warrant upon a showing of probable cause was constitutionally required.

The Eleventh Circuit Court of Appeals, in <u>United States v. Davis</u>, 785 F.3d 498 (11th Cir. 2015) (*en banc*), forecloses Brantley's argument. In <u>Davis</u>, the court sitting *en banc* was "called on to decide whether the court order authorized by the Stored Communications Act, [18 U.S.C.] § 2703(d), compelling the production of a third-party telephone company's business records containing historical cell tower location information, violated [the defendant's] Fourth Amendment rights and was thus unconstitutional." <u>Id.</u> at 500, 518. The Court held that "the § 2703(d) order permitting government access to [the service provider's] records comports with applicable Fourth Amendment principles and is not constitutionally unreasonable." (<u>Id.</u>) <u>Davis</u>, which is binding, requires Brantley's motion to be denied. See <u>United States v. Johnson</u>, 645 F. App'x 954, 962-63 (11th Cir. 2016) (finding that the defendants' challenge to the admission of cell tower records as a violation the Fourth Amendment "because the government

obtained these records without a warrant based on probable cause" was "foreclosed by [the] recent decision in . . . Davis"); United States v. Peragine, 2016 WL 4072746, at **1-2 (N.D. Ga. August 1, 2016) (adopting report and recommendation that the defendant's motion to suppress based on a challenge to the use of Stored Communications Act to obtain records, including historical cell tower data, from third-party service provider be denied) (citing Davis, 785 F.3d at 513).

As the Government argues, should either the Eleventh Circuit or the Supreme Court[5] subsequently determine that a warrant based on probably cause is required to obtain historical cellular tower data, the data acquired in this case from a third-party service provider under an order issued pursuant to § 2703(d) of the Stored Communications Act, should not be suppressed because the good faith exception to the exclusionary rule applies. ([61] at 5). In Davis v. United States, 564 U.S. 229 (2011), the Supreme Court held, "Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the

---

[5] On November 29, 2017, the United States Supreme Court heard arguments in United States v. Carpenter, 819 F.3d 880 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 2211 (U.S. June 5, 2017) (No. 16-402). Carpenter challenges the acquisition of his cell tower data under a Stored Communications Act, § 2703(d), order. Carpenter argues the Fourth Amendment requires the issuance of a search warrant on a showing of probable cause.

exclusionary rule." Id. at 241; see also United States v. Asghedom, 646 F. App'x 830, 834 (11th Cir. 2016) (applying the good faith exception to the exclusionary rule to admit evidence obtained from a GPS tracking device affixed to a vehicle without a warrant "because law enforcement relied on then-binding appellant precedent") (citation omitted); Davis, 785 F.3d at 518 n.20 (holding in the alternative that, even if a warrant establishing probable cause was required to obtain cellular tower data, the good faith exception applied and that the defendant's motion to suppress was properly denied by the district court). The Eleventh Circuit's decision in Davis is binding precedent on the Court. Even if that precedent is subsequently overruled, the good faith exception would apply and the evidence would be admissible. The Court finds no plain error in the Magistrate Judge's finding that the cell tower data was legally acquired under the Stored Communications Act order and otherwise admissible because the Government, in good faith, relied on the order to obtain the data.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Report and Recommendation [62] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Daveon Brantley's Motion to Suppress Evidence [36] and Motion to Suppress Cell Tower Data [51] are **DENIED**.

**SO ORDERED** this 4th day of December, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE