## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DAVEON BRANTLEY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:17-CR-0077-LMM-CCB-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:20-CV-0585-LMM-CCB |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. 107), and Respondent's response, (Doc. 109). For the reasons discussed below, Movant's motion to vacate and a certificate of appealability should both be denied.

### I.      Background

In April of 2017, Movant was charged, along with codefendant Amber Brinson, in the following four counts: (1) conspiracy to commit sex trafficking of a minor (A.P.), (2) sex trafficking of a minor, (3) production of child pornography, and (4) distribution of child pornography. (Doc. 39). On November 27, 2017, Movant,

represented by William Morrison, appeared before the Court to enter a guilty plea to count two. Movant, however, failed to admit that he had committed the offense, and the Court did not accept the plea. (Doc. 68 at 12, 51). In December of 2017, the Court denied Movant's motions to suppress and set trial for February 12, 2018. (Docs. 70, 71). On January 2, 2018, the government filed motions to exclude and to introduce certain evidence at trial. (Docs. 72-73).

Before the government's motions were decided, Movant renewed his intention to plead guilty. On January 9, 2018, Movant, again represented by Mr. Morrison, entered a plea of guilty to all four counts. (Doc. 76-1). The Court accepted the plea. (Doc 81 at 43). By judgment entered on April 18, 2018, the Court imposed a total sentence of 265 months in prison. (Doc. 90). On February 21, 2019, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. (Doc. 105); *United States v. Brantley*, 762 F. App'x 730, 732 (11th Cir. 2019).

In his § 2255 motion, Movant seeks relief based on the following grounds: (1) judicial bias during sentencing, (2) ineffective assistance of counsel with regard to the guilty plea, (3) ineffective assistance of counsel with regard to seeking a competency examination, (4a) ineffective assistance of counsel in failing to notify the Court that Movant wished "to represent himself," and (4b) ineffective assistance

2

of appellate counsel in refusing to raise grounds one through three on direct appeal.[1]

(Doc 107 at 4-8).

## II.   Standard

### A.   28 U.S.C. § 2255

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The § 2255 movant bears the burden to establish his or her right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 164, 166 (1982).

---

[1]  The Court addresses the ineffective-appellate-counsel claims in conjunction with grounds one through three.

3

"Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)) (internal quotation marks omitted). Further, collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence.[2] *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013).

--------

[2] "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal" or that the matter was not raised because of ineffective assistance of counsel. *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004); *see also Reece v. United States*, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). If a petitioner shows cause, he must also show prejudice – that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece*, 119 F.3d at 1467 (emphasis in original) (quoting *Frady*, 456 U.S. at 170). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Section 2255 relief "'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn*, 365 F.3d at 1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)). A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. *See Massaro v. United States*, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion below.

## B.   Ineffective Assistance of Counsel

In grounds two through four(b), Movant asserts ineffective assistance of counsel, to which *Strickland v. Washington*, 466 U.S. 668 (1984), applies. A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Id.* at 687. To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that he

5

was prejudiced by counsel's deficient representation.  *Id.* at 690-92.  The Court may resolve an ineffective assistance claim based on either of the two prongs.  *Pooler v. Sec'y, Fla. Dep't of Corr.*, 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  "Because we presume counsel was competent, [the movant] 'must establish that no competent counsel would have taken the action that his counsel did take.'"  *Dell v. United States*, 710 F.3d 1267, 1281 (11th Cir. 2013) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*)).  Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  The habeas petitioner or § 2255 movant has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice.  *Wood v. Allen*, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting *Strickland*, 466 U.S. at 693); *see also Collins v. Sec'y, Fla. Dep't of Corr.*, 745 F. App'x 849, 859 (11th Cir. 2018) ("Collins' ineffective counsel claim fails

because he has not proffered what statements or information, if any, Vilaire would have introduced had she testified at trial.").

Claims of ineffective assistance of appellate counsel also are governed by the *Strickland* test. *Owen v. Fla. Dep't of Corr.*, 686 F.3d 1181, 1202 (11th Cir. 2012). To succeed on a claim of ineffective assistance of appellate counsel, the movant must demonstrate deficient performance by counsel and show that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome would have been favorable to the movant. *See Dell*, 710 F.3d at 1273-1274, 1281.

## III. <u>Discussion</u>

### A. <u>Judicial Bias</u>

Movant's codefendant Brinson, who pleaded guilty to count one and who was sentenced before Movant, received a 115-month sentence. (Doc. 91).

Movant, who pleaded guilty to all four counts, was subject to (1) up to a life term of imprisonment on count one, (2) a mandatory minimum of 15 years and up to life on count two, (3) a mandatory minimum of 15 years and up to 30 years on count three, and (4) a mandatory minimum of five years and up to 20 years on count four. (Doc. 81 at 23–28). At sentencing, in accord with the PSR guideline calculation, the Court found that Movant had a total offense level of 44, a criminal history category

7

of IV, and a guideline sentencing range of life.  (PSR at 25; Doc. 101 at 4).  Movant

had no objections to the guideline calculations.  (*Id.*).  Movant, however, sought a

downward variance from the guideline range of life and asked the Court to consider

as mitigating circumstances that he had come from "very, very difficult surroundings,

very very difficult upbringings" and the "type of community" where there was a

violent atmosphere and a lack of parenting and structure.  (Doc. 101 at 5-9).  The

Court observed that, although some communities struggle with illegal conduct, sex

trafficking of children was not endemic in those communities and that Movant had

not convinced the Court that coming from a difficult community mitigated Movant's

responsibility for his particular crimes.  (*Id.* at 10-11).  Movant asked the Court to

sentence him to "something similar" to 192 or 215 months.  (*Id.* at 13, 15).

Movant's mother addressed the Court and reiterated that Movant grew up in a

bad community.  (*Id.* at 16).  The government recommended a prison term of 24 years

(288 months).  (*Id.* at 26).  In his allocution to the Court, Movant stated, "I'm a

product of my environment[.]" (*Id.* at 32).  Judge William Duffey stated (1) that,

although he had seen before him too many young minority members who were

products of their environment and had been caught engaging in illegal conduct, it

was only a small subset that committed crimes against young girls, and (2) that

8

Movant's decision to commit the crimes he committed was "on" him, not his community or environment. (*Id.* at 38-40). After the Court's comments, Movant asked if he could say something additional but withdrew his request after conferring with counsel. (*Id.* at 40-41). The Court then asked Movant directly, "Do you want to say something else, Mr. Brantley?" Movant responded "No, your Honor." (*Id.* at 41). The Court announced that it intended to impose a total sentence of 265 months in prison and asked for objections. (*Id.* at 43, 46). Movant objected "only as to the reasonableness of the sentence." (*Id.* at 46). The Court varied downward from the guideline range of life and imposed a total sentence of 265 months in prison. (*Id.*).

On direct appeal, Movant argued that his 265-month sentence was unreasonable when his codefendant and two defendants in similar cases had received lesser sentences. (*See* Doc. 105 at 2); *Brantley*, 762 F. App'x at 731–32; Br. for Appellant, 2018 WL 3860009, at *5. Movant did not raise at sentencing or on direct appeal a claim of judicial bias.

Movant now argues that during sentencing Judge Duffey made "a number of derogatory and racist comments which exhibited bias and/or implicit bias" against Movant, which deprived Movant of a fair and impartial jurist at sentencing and likely contributed to the "gross" sentencing disparity between Movant and his codefendant

9

Brinson,[3] in violation of the Fifth and Sixth Amendments.[4]  (Doc. 107 at 4).  Movant cites generally to the sentencing transcript but identifies no particular statement made by Judge Duffey.  (*Id.*).  Movant states that he did not raise this issue on direct appeal because of ineffective assistance of appellate counsel.  (*Id.*).

Respondent argues that the Judge Duffey's comments with regard to crime in certain communities do not show bias.  (Doc. 109 at 10-15).[5]

## 1.   **Default**

Movant failed to raise the issue of judicial bias on direct appeal.  Collateral review is foreclosed unless Movant overcomes his default by showing cause and prejudice or actual innocence.  *See Fordham*, 706 F.3d at 1349.  As discussed below, Movant fails to show cause based on ineffective assistance of appellate counsel, and

---

[3] Movant and his codefendant Brinson both share the same race.  *See* https://www.bop.gov/inmateloc (follow "Find By Number" hyperlink, BOP Register Numbers 70688-019 and 70697-019) (last visited Aug. 25, 2020).

[4] Movant's general citation to the Fifth and Sixth Amendments is not construed to raise any claim other than the one he articulates regarding the alleged bias by the sentencing judge.

[5] Otherwise, Respondent addresses whether sentencing counsel was ineffective on the issue.  (Doc. 109 at 15).  Movant, however, did not assert ineffective assistance of sentencing counsel in his first ground for relief.  (*See* Doc. 107 at 4).  The Court addresses the claim as raised by Movant.

Movant otherwise fails to demonstrate cause or make a showing of actual innocence to overcome his default. Accordingly, review of ground one is foreclosed.

### 2. **Ineffective Assistance of Appellate Counsel**

Direct appellate review of a claim of judicial bias, including actual bias or the appearance of bias, is limited to plain error review unless the defendant contemporaneously objected to the alleged bias in the proceedings at issue. *United States v. Rodriguez*, 627 F.3d 1372, 1377, 1379-80 (11th Cir. 2010); *see also United States v. Romero Cuza*, 790 F. App'x 190, 193 n.1 (11th Cir. 2019) (reviewing a claim that the district court impermissibly commented on the defendant's national origin for plain error). To succeed under plain error review, a defendant "must show that: '(1) an error occurred; (2) the error was plain; (3) it affected [his] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings.'" *Rodriguez*, 627 F.3d at 1380 (quoting *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003)). It is error for the court to consider an impermissible factor such as race or religion in determining a sentence, and the error is plain. U.S.S.G. § 5H1.10; *United States v. Hall*, 677 F. App'x 554, 556 (11th Cir. 2017) ("[T]he district court erred, and its error was plain. Religion is an impermissible sentencing factor.").

11

Based on a review of the sentencing transcript, (*see* Doc. 101), it does not appear that there was any contemporaneous objection to any comment by the Court. Accordingly, plain error review would have applied on direct review.  Movant's argument, however, fails to show that appellate counsel was ineffective on the issue. There is no reasonable probability that the argument Movant now presents would have succeeded under plain error review.  Movant's argument – which relies on unidentified comments by Judge Duffey and the sentencing disparity between Movant and his codefendant – is insufficient to show that the Court impermissibly considered Movant's race as a factor in determining his sentence.  The sentencing disparity between Movant and his codefendant shows nothing with regard to race, given that both Movant and his codefendant share the same race.  And Movant's conclusory assertion of bias – based on unidentified comments – is insufficient to show actual or implicit bias.  There is no reasonable probability that, had appellate counsel raised Movant's argument as currently presented to this Court, it would have

changed the result on appeal.  Movant's claim of ineffective assistance by appellate counsel does not provide cause for his default of ground one.[6]

Further, to the extent Movant may have been referring to the sentencing judge's comments related to his reasons for rejecting Movant's bad-community/mitigation argument, those comments do not show that Judge Duffey considered Movant's race in imposing sentence.  Indeed, Movant is the one who introduced the issue regarding his environment and community at sentencing:

> Judge, you know, Mr. Brantley ran afoul of the law, you know, because his family and his neighborhood and his environment was just teeming with indifference and indolence and just outright criminality.  Daveon failed not because he was unable to adapt to the society's norms, but because he adopted all too well to the abuse and the violence that he grew up with in his formative years.

(Doc. 101 at 15).  Judge Duffey acknowledged Movant's *own* argument on the difficulties in certain communities and pointed out that child trafficking was not a crime endemic in those communities and that community difficulties did not mitigate Movant's responsibility for trafficking a child.  (Doc. 101 at 10–11, 38–40); *see*

---

[6] Nor would even an appearance of bias have been sufficient on direct appeal. *See Rodriguez*, 627 F.3d at 1381 ("The general language of the Due Process Clause does not make it plain that the appearance of bias, without actual bias, violates that or any other constitutional provision.").

13

*United States v. Sufi*, 455 F. App'x 672, 678–79 (6th Cir. 2012) (finding that the defendant "cannot complain that the district court discussed his nation origin and naturalized status at sentencing" where the defendant repeatedly referred to his national origin and naturalized status in support of his request for a downward variance).

### B.   Ineffective Assistance of Counsel on Guilty Plea

At Movant's November 27, 2017, plea hearing on a guilty plea to count two, the court explained to Movant his right to go to trial, the government's obligation to prove beyond a reasonable doubt all elements of the charged offenses, Movant's right to challenge the government's evidence and to introduce his own evidence, and Movant's right to testify or not to testify at trial.  (Doc. 68 at 6-10).  Movant, under oath, stated that he understood.  (*Id.*).  The government explained the terms of the plea agreement, which included the parties' acknowledgement that count two had a maximum term of life in prison and a fifteen-year mandatory minimum prison term. (*Id.* at 14-15).  Movant, under oath, agreed.  (*Id.* at 20). The government explained the elements of the charged crime that it would have to prove, including that "the defendant knowingly recruited, enticed, harbored, transported, obtained, or maintained the victim . . . whom the defendant knew would be caused to engage in a

commercial sex act" and that "defendant knew or acted in reckless disregard of the fact that A.P. was under 18 years of age and would be caused to engage in a commercial sex act." (*Id*. at 24-25). Movant stated, under oath, that he understood that the government would have to prove these elements if the case went to trial. (*Id*. at 25). Movant subsequently failed to admit that he committed the offense, and the Court did not accept the guilty plea. (*Id*. at 51).

Trial was set for February 12, 2018. (Doc. 71). As indicated earlier, the government on January 2, 2017, filed a motion to introduce certain evidence, including evidence that Movant pimped another minor, that Movant recruited and pimped other women, that Movant and his codefendant engaged in intercourse in front of A.P., that Movant possessed his codefendant's username and password for the website related to the sex trafficking advertisements, and that Movant viewed "teen porn" (to show Movant's knowledge, intent, motive, and absence of mistake). (Doc. 73 at 1-2).

Before the Court ruled on the government's motion, Movant renewed his decision to plead guilty and pleaded guilty to all four counts. At his January 9, 2018, plea hearing, the Court again explained to Movant his right to go to trial, the government's obligation to prove beyond a reasonable doubt all elements of the

charged offenses, Movant's right to challenge the government's evidence and to introduce his own evidence, Movant's right to testify or not to testify at trial, and Movant's right that "for each crime on which you are found guilty, [the jury] would also have to find that you committed the crime knowingly, because you are entitled to that finding." (Doc. 81 at 6-11). Movant, under oath, stated that he understood. (*Id.*). The government explained the elements of the crime charged in count one that it would have to prove if the case went to trial, including (1) that "the defendant knowingly conspired with one or more other persons to recruit, entice, harbor . . . , transport, provide, advertise, or maintain a person that was less than 18 years old," (2) that the "defendant knew the child was less than 18 years old or acted in reckless disregard of the victim's age[,]" (3) that the "defendant knew or believed that the person would be caused to engage in a commercial sex act[,]" and (4) that the actions were done in or affecting interstate commerce. (*Id.* at 17). Movant agreed, under oath, that the government would have to prove those elements if the case went to trial and that it was his intent to plead guilty to count one. (*Id.* at 17-18). The government explained the elements of the crime charged in count two that it would have to prove if the case went to trial, including (1) that "the defendant knowingly recruited, enticed, harbored, transported, obtained, or maintained A.P., whom the defendant knew

16

would be caused to engage in a commercial sex act[,]" (2) that "the defendant knew or acted in reckless disregard of the fact that A.P. was under the age of 18 years of age and would be caused to engage in a commercial sex act[,]" (3) that the acts were in or affected interstate commerce, and (4) that "A. P. had not attained the age of 14 years at the time of the offense." (*Id*. at 18-19). Movant stated, under oath, that he understood that the government would have to prove these elements if the case went to trial and that it was his intent to plead guilty to count two. (*Id*. at 19-20).

The government explained the elements of the crime charged in count three that it would have to prove if the case went to trial, including (1) that an actual minor was depicted (2) that "defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually-explicit conduct for the purpose of producing a visual depiction[,]" and (3) that "the defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce." (*Id*. at 20). Movant stated, under oath, that he understood that the government would have to prove these elements if the case went to trial and that it was his intent to plead guilty to count three. (*Id*. at 20-21).

The government explained the elements of the crime charged in count four that it would have to prove if the case went to trial, including (1) that "the defendant

knowingly distributed a visual depiction[,]" (2) that "the depiction was shipped or transported in interstate or foreign commerce[,]"  (3) that the production of the visual depiction "involved using a minor engaged in sexually-explicit conduct[,] (4) that "[t]he depiction is of a minor engaged in sexually-explicit conduct[,]" and (5) that "the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually-explicit conduct." (*Id.* at 21-22). Movant stated, under oath, that he understood that the government would have to prove these elements if the case went to trial and that it was his intent to plead guilty to count four.  (*Id*. at 22).

At the Court's direction, the government explained that count one had a maximum prison term of life and no mandatory minimum, that count two had a maximum prison term of life and a 15-year mandatory minimum prison term, that count three had a maximum prison term of 30 years and a 15-year mandatory minimum sentence, and that count four had a maximum prison term of 20 years and a five-year mandatory minimum sentence.  (*Id.* at 23-27).  Movant, under oath, stated that he understood.  (*Id*. at 24-28).  As indicated earlier, the Court accepted Movant's January 2018 guilty plea.  (*Id.* at 43).

Movant argues that his guilty plea was based on counsel's false and improper advice, including: (1) that Movant could not attempt cooperation under U.S.S.G. § 5K1.1, (2) that Movant could not testify at trial, (3) that Movant could not challenge at trial that he "'knowingly' violated the law[,]" and (4) that Movant faced a mandatory life sentence if he did not plead guilty. (Doc. 107 at 5). At the conclusion of his § 2255 motion, Movant asks that the guilty plea be vacated and that a trial be ordered. (*Id.* at 12).

Respondent argues that this ground fails because Movant cannot show prejudice (1) when there is no evidence that Movant provided any assistance to the government or that the government would have filed a § 5K1.1 motion, (2) when Movant would have been ineligible for a substantial assistance reduction if he had gone to trial, and (3) when the alleged false advice otherwise was cured at the plea colloquies. (Doc. 109 at 16-18).

To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" *Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1218 (11th Cir. 2015) (quoting *Hill v.*

19

*Lockhart*, 474 U.S. 52, 58-59 (1985)).  A movant's "bare allegation that he would not have pleaded guilty is insufficient to establish prejudice." *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010).  "Post-hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies are generally insufficient. . . . Instead, contemporaneous evidence should be given the most weight." *Cedeno-Gonzalez v. United States*, 757 F. App'x 868, 870 (11th Cir. 2018) (citing *Lee v. United States*, _ U.S. _, _,137 S. Ct. 1958, 1967 (2017)).  In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. . . . Solemn declarations in open court carry a strong presumption of verity." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216-17 (11th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)) (internal quotation marks omitted, alteration in original and additional alteration omitted).

Ground two fails because Movant does not show prejudice.  Movant does not assert that he would have gone to trial.  Movant fails to show that there is a reasonable probability that, but for counsel's alleged deficient advice (including counsel's § 5K1.1 advice), he would not have pleaded guilty and would have insisted on

20

proceeding to trial (including litigating the government's motion to introduce certain evidence and potentially facing that evidence at trial).  *See Lynch*, 776 F.3d at 1218. Movant's bare prayer for collateral relief in 2020 (which asks that his guilty plea be vacated and that he be allowed to go to trial) is insufficient to show that, but for counsel's alleged deficient advice, there is a reasonable probability that Movant would have insisted on going to trial in 2018.

Further, as shown in the discussion of the plea colloquies, Movant, under oath, assured the Court that he understood that he had a right to testify should he go to trial, that the government would be required to prove the "knowingly" elements should he go to trial, that he would have a right to challenge the government's evidence and to present his own evidence, and that he understood the mandatory minimum penalties that applied to the charged offenses.  With this understanding, Movant nonetheless decided to plead guilty.  And, as the government correctly argues, (Doc. 109 at 17–18), the alleged erroneous advice regarding Movant's inability to testify at trial, that he could not challenge the "knowingly" elements at trial, and that he faced a mandatory life sentence were "cured by the…plea colloquy"—where the district judge (or here, in some instances the prosecutor) correctly stated the law on each of

21

those issues. *Cedeno-Gonzalez*, 757 F. App'x at 870. Movant fails to show that counsel's advice on these matters misled him into pleading guilty. Ground two fails.

Movant's ground four(b), as it relates to ground two, fails because appellate counsel is not ineffective for failing to raise on appeal claims of ineffective trial or sentencing counsel, which may not be raised for the first time on direct appeal. *See United States v. Griffin*, 699 F.2d 1102, 1109 (11th Cir. 1983); *see also Massaro*, 538 U.S. at 505-09.

### C.   Ineffective Assistance of Counsel on Competency Exam

Movant states that he suffers from "a serious mental illness that existed throughout this proceeding" and that he advised counsel of his illness and of his intoxication at the time of the offenses. (Doc. 107 at 6). Movant argues that counsel was ineffective for refusing to seek a "competency exam by a mental health professional at any stage of [the] proceedings" to determine whether Movant knowingly violated the law, to determine whether Movant was competent to plead guilty, or to present in mitigation at sentencing. (*Id.*).

Respondent argues that there is nothing in the record to indicate that Movant had a mental issue that negated *mens rea* or incompetence and that counsel had no duty to pursue a competency evaluation. (Doc. 109 at 18-19, 21-22). Respondent

further argues that Movant's conclusory assertions are insufficient to show prejudice. (*Id.* at 23).

Movant fails to meet his burden of showing prejudice. To demonstrate prejudice arising from counsel's failure to have him evaluated, Movant "has to show that there was at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial." *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988). Movant offers nothing more than that he suffers from an unidentified "serious mental illness," (Doc. 107 at 6), and he presents no proffer on what the pursuit of a competency evaluation would have shown, much less a proffer that supports his allegations. *See Collins*, 745 F. App'x at 859 (rejecting an ineffectiveness claim where the defendant failed to proffer what statements or information, if any, a particular witness would have offered had she been called to testify at trial); *Hill v. Moore*, 175 F.3d 915, 923 (11th Cir. 1999) (holding that absent a proffer of evidence suggesting that petitioner was unable to form the requisite intent, the petitioner could not show prejudice based on counsel's failure to introduce evidence of alleged cocaine use on the day of the crime); *Alexander*, 841 F.2d at 375 (finding that "conclusory allegations" that a defendant was incompetent to stand trial

were insufficient to demonstrate prejudice from counsel's failure to have him evaluated).

Movant's ground four(b), as it relates to ground three, fails because appellate counsel is not ineffective for failing to raise on appeal claims of ineffective trial or sentencing counsel, which may not be raised for the first time on direct appeal. *See Griffin*, 699 F.2d at 1109; *see also Massaro*, 538 U.S. at 505-09.

### D.   Ineffective Assistance of Counsel for Failing to Notify Court on Self Representation

Movant states (1) that, before the plea agreement, he informed counsel that he wished to represent himself and that counsel was ineffective for failing to withdraw or notify the court and (2) that counsel refused to withdraw to allow *pro se* briefing on direct appeal.  (Doc. 107 at 8).[7]

Respondent argues that it is aware of no duty that counsel apprise the court of a defendant's desire to represent himself and that counsel, therefore, was not deficient. (Doc. 109 at 24-25).

---

[7] In ground four(b), Movant also asserts that appellate counsel was ineffective for refusing to raise grounds one through three on direct appeal.  (Doc. 107 at 8). Those claims have been addressed under grounds one through three, *supra*.

24

1. **Trial Counsel**

By entering a guilty plea, a defendant "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)) (internal quotation marks omitted); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (Once "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (internal quotation marks omitted)). A voluntary guilty plea waives any pre-plea claims of ineffective assistance of counsel that do not concern his decision to enter the plea. *Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011); *Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008).

> The majority of the circuits to reach the issue have held a defendant waives the right to bring a claim for a potential violation of the right to proceed pro se by pleading guilty. *See United States v. Moussaoui*, 591 F.3d 263, 280 (4th Cir. 2010) (holding a defendant's guilty plea foreclosed his *Faretta* challenge); *Werth v. Bell*, 692 F.3d 486, 497 (6th

> Cir. 2012) (same); *Gomez v. Berge*, 434 F.3d 940, 942-43 (7th Cir. 2006) (same); *United States v. Montgomery*, 529 F.2d 1404, 1406-07 (10th Cir. 1976) (holding the same and observing a contrary conclusion would "open the door to manipulations and gamesmanship").

*United States v. Dewberry*, 936 F.3d 803, 806 (8th Cir. 2019), *cert. denied*, No. 19-1052, 2020 WL 2814782 (U.S. June 1, 2020).

Movant pleaded guilty, and his guilty plea remains valid, as discussed in ground two. Based on his valid guilty plea, Movant waived his claim that counsel was ineffective for failing to withdraw or inform the Court of Movant's pre-plea desire to represent himself.

### 2. **Appellate Counsel**

Movant's claim that appellate counsel was ineffective for failing to withdraw for purposes of direct appeal fails because there is no constitutional right to self-representation on direct appeal and because Movant shows no viable claim that he would have raised had he filed a *pro se* brief. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (holding that there is no constitutional right to self-representation on direct appeal).

**IV.**   **Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Melton v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

27

## V.   <u>**Conclusion**</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence, (Doc. 107), be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 26th day of August, 2020.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

28